1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JON CHRIST,

11          Plaintiff,                              No. 2:10-cv-01786 LKK KJN P

12          vs.

13   S. DEBERRY,
     aka, S. DEBERRY-THORNTON,[1]
14   and DOES 1 through 100,

15          Defendants.                        <u>ORDER</u>

16   _____/

17          Plaintiff is a state prisoner at California State Prison-Avenal proceeding without

18   counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983.[2]  The complaint was

19   originally filed in the Superior Court of California for the County of Santa Clara (Case No.

20   110CV164931).  Defendant paid the filing fee and removed the action to the United States

21   District Court for the Northern District of California.  The case was thereafter transferred to this

22   court on venue grounds.

23   _____

24          [1]  Plaintiff mistakenly spells defendant's hyphenated name as "Deberry-Thorton."

25          [2]  This action is referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.
     § 636(b)(1).  Although plaintiff has consented to the jurisdiction of the magistrate judge for all
26   purposes (Dkt. Nos. 8, 17), defendant has declined such jurisdiction (Dkt. No. 10).

1          Removal is appropriate for "any civil action brought in a State court of which the

2  district courts of the United States have original jurisdiction. . . ." 28 U.S.C. § 1441(a).

3  Removal is appropriate in this case because plaintiff's action is premised on the Civil Rights Act,

4  42 U.S.C. § 1983, and plaintiff's claims under the United States Constitution and the Americans

5  with Disabilities Act, all of which are within this court's original federal subject matter

6  jurisdiction, 28 U.S.C. § 1331.

7          The court is required to screen complaints brought by prisoners seeking relief

8  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

9  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

10  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

11  granted, or that seek monetary relief from a defendant who is immune from such relief.

12  28 U.S.C. § 1915A(b)(1),(2).

13          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

15  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

16  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

19  Cir. 1989); Franklin, 745 F.2d at 1227.

20          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

21  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

23  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

24  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

25  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

26  allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

1   "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

2   notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

3   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

4   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

5   as true the allegations of the complaint in question, id., and construe the pleading in the light

6   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

7                  Plaintiff alleges that on October 8, 2009, while plaintiff was incarcerated at

8   California State Prison-Solano, defendant correctional officer S. Deberry (also known as "S.

9   Deberry-Thornton" (hereafter "Deberry")) confiscated plaintiff's two medical pillows and other

10  personal items in retaliation for plaintiff filing an administrative grievance/staff complaint

11  against Deberry.  Plaintiff states that the pillows had been issued to him "due to Plaintiff's C-

12  Spine surgery," and their confiscation caused plaintiff "sleepless and painful nights and days"

13  requiring, inter alia, an increase in plaintiff's pain medications.  (Cmplt., Dkt. No. 1, at 8, 9.)

14  Plaintiff alleges that he filed a staff complaint against Deberry for harassment and retaliation, and

15  for reissuance of his pillows, which was granted at the second level of review on December 16,

16  2009.  (Id. at 9-10.)  Plaintiff states that one pillow was re-issued after 21 days, the second pillow

17  was re-issued after 69 days.

18                 Plaintiff contends that these facts support his Eighth Amendment claim for cruel

19  and unusual punishment, and his First Amendment claim for retaliation, the protections of both

20  amendments applied to the states pursuant to the Fourteenth Amendment.  The complaint appears

21  to state a potentially cognizable Eighth Amendment claim against Deberry.  The unnecessary and

22  wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth

23  Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651,

24  670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  In order to prevail on a claim of

25  cruel and unusual punishment, a prisoner must allege and prove that objectively he suffered a

26  sufficiently serious deprivation and that subjectively prison officials acted with deliberate

3

1  indifference in allowing or causing the deprivation to occur.  Wilson v. Seiter, 501 U.S. 294,

2  298-99 (1991).  The allegedly malicious confiscation of plaintiff's prescribed medical pillows

3  meets these prima facie standards.

4          The complaint also appears to state a potentially cognizable First Amendment

5  claim against Deberry.  To state a claim for retaliation under the First Amendment, plaintiff must

6  allege that on a specified date an individual state actor took adverse action against plaintiff for

7  his engagement in a constitutionally protected activity and the adverse action did not reasonably

8  advance a legitimate penological goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.

9  2005); Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).  Although plaintiff alleges a

10 chilling effect, direct and tangible harm will support a First Amendment retaliation claim even

11 without demonstration of a chilling effect on the further exercise of a prisoner's First

12 Amendment rights.  Rhodes, at 568, n.11.

13         Plaintiff seeks both damages and injunctive relief.  While plaintiff may pursue

14 damages pursuant to his constitutional claims, it is not clear whether there remains any basis for

15 granting injunctive relief.  Had plaintiff remained at California State Prison-Solano, his claim for

16 injunctive relief perhaps could have been construed as an effort to require defendant Deberry to

17 cease engaging in retaliatory conduct against plaintiff; however, plaintiff has now been

18 transferred to another institution, and it is not clear where Deberry now works.  These matters

19 will therefore be addressed as the case progresses.

20         In support of his claim under the Americans with Disabilities Act ("ADA"),

21 plaintiff generally cites the injunction issued in Armstrong v. Schwarzenegger, Case No.

22 4:94-cv-02307 (N.D. Cal. Sept. 11, 2007), one of a series of decisions requiring enforcement of a

23 permanent injunction applying ADA protections to state prisoners.[3]  Title II of the ADA applies

24 to inmates within state prisons, Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206

25

26         [3] See e.g. Armstrong v. Schwarzenegger, 622 F.3d 1058, 1063 (9th Cir. 2010) (summary
   of cases).

4

1  (1998), and "prohibit[s] discrimination on the basis of disability," Lovell v. Chandler, 303 F.3d

2  1039, 1052 (9th Cir. 2002).  Title II provides that "no qualified individual with a disability shall,

3  by reason of such disability, be excluded from participation in or be denied the benefits of the

4  services, programs, or activities of a public entity, or be subject to discrimination by such entity,"

5  42 U.S.C. § 12132.  In order to state a claim under Title II, a plaintiff must show that:  (1) he is a

6  "qualified individual with a disability;" (2) he was excluded from participation in or denied the

7  benefits of a public entity's services, programs, or activities, or was otherwise discriminated

8  against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was

9  by reason of his disability.  McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

10         Plaintiff's claim that Deberry improperly confiscated plaintiff's medical pillows

11  may state a potentially cognizable ADA claim based on plaintiff's implicit contention that he was

12  denied access to reasonable bedding materials by reason of his disability.  Plaintiff may seek

13  damages under the ADA against Deberry in his official capacity, Vinson v. Thomas, 288 F.3d

14  1145 (9th Cir. 2002), based upon a showing of discriminatory intent, Ferguson v. City of

15  Phoenix, 157 F.3d 668, 674 (9th Cir. 1998), using a deliberate indifference standard, Duvall v.

16  County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).  However, plaintiff's general request for

17  injunctive relief under the ADA appears to be not only moot (because plaintiff was reissued his

18  medical pillows and has since been transferred to another institution) but barred, based on the

19  requirement that plaintiff must instead pursue such relief as a member of the Armstrong class.

20  See e.g. Ordaz v. Tate, 2010 WL 3853294, *6 (E.D. Cal. 2010) (Armstrong plaintiff cannot

21  maintain a separate, individual suit for equitable relief within the same subject matter of the class

22  action).

23         Finally, while plaintiff names as defendants "Does 1 through 100" (Cmplt., Dkt.

24  No. 1, at 5), based on his allegations that the challenged conduct was "either on the instructions

25  of those individuals in charge of the defendants or with knowledge and consent of these

26  defendants, or were thereafter approved and ratified by these defendants and each of them" (id. at

5

11), the complaint fails to identify any individuals or conduct in support of these allegations. There can be no liability under Section 1983 unless there is some affirmative link or connection between a specific defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). Nor can the court order service of a complaint on a defendant who is not identified by name. Should plaintiff obtain information warranting amendment of his complaint, that is, should plaintiff obtain information enabling him to identify and allege in specific terms how any "Doe" defendant was involved in the alleged deprivation of plaintiff's rights, plaintiff may seek leave of court to amend his complaint. For present purposes, however, the court construes the complaint as stating potentially cognizable claims only against the sole named defendant, Deberry.

Pursuant to this preliminary screening of plaintiff's complaint under 28 U.S.C. § 1915A, the court concludes that this action should proceed on the complaint as drafted and construed herein. Because the complaint has already been served on defendant, defendant will now be required to file a responsive pleading

One additional matter requires the court's attention. Plaintiff has twice moved for appointment of counsel. (Dkt. Nos. 9, 16.) Plaintiff states that his incarceration limits his ability to obtain evidence and interview witnesses, that plaintiff has a limited education while this case may present complex legal and factual issues, and that plaintiff fears further retaliation by prison officials for pursuing this action. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that the required exceptional circumstances are not currently present in this case—the facts and legal issues are relatively straightforward, the number of parties is limited, and plaintiff has now been transferred to another institution, thus reducing the

1   possibility of official retaliation in response to plaintiff pursuing this action.

2   In accordance with the above, IT IS HEREBY ORDERED that:

3   1. Plaintiff's motions for appointment of counsel (Dkt. Nos. 9, 16) are denied.

4   2. Defendant shall file a responsive pleading within sixty (60) days after the filing

5   date of this order.

6   3. Unless otherwise ordered, all motions to dismiss, motions for summary

7   judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59

8   and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 110, shall be

9   briefed pursuant to Local Rule 230(*l*).  Failure to timely oppose such a motion may be deemed a

10  waiver of opposition to the motion.  Opposition to all other motions need be filed only as

11  directed by the court.

12  4. If plaintiff is released from prison at any time during the pendency of this case,

13  any party may request application of other provisions of Local Rule 230 in lieu of Local Rule

14  230(*l*).  In the absence of a court order granting such a request, the provisions of Local Rule

15  230(*l*) will govern all motions described in #3 above regardless of plaintiff's custodial status.

16  See Local Rule 102(d).

17  5. Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003),

18  plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to

19  exhaust administrative remedies made by a defendant pursuant to Rule 12(b) of the Federal Rules

20  of Civil Procedure.  Such a motion is a request for dismissal of unexhausted claims without

21  prejudice.  The defendant may submit affidavits or declarations under penalty of perjury and

22  admissible documentation to support the motion to dismiss.  To oppose the motion, plaintiff may

23  likewise file declarations under penalty of perjury and admissible documentation.  Plaintiff may

24  rely upon statements made under penalty of perjury in the complaint if the complaint shows that

25  plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention

26  those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one or more

7

affidavits or declarations by other persons who have personal knowledge of relevant matters. Plaintiff may also rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are. If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on the defendant's evidence. In the event both sides submit matters outside of the pleadings, the court may look beyond the pleadings and decide disputed issues of fact. If plaintiff does not serve and file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion. If the defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's unexhausted claims will be dismissed without prejudice.

6. Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by a defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure. Such a motion is a request for an order for judgment in favor of the defendant without trial. A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely upon statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are. Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendant's evidence with

counteraffidavits or other admissible evidence, the defendant's evidence may be taken as the truth and the defendant's motion for summary judgment granted.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion. If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the defendant's motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for such defendant without a trial and the case will be closed as to that defendant.

7.  A motion or opposition supported by unsigned affidavits or declarations will be stricken.

8.  Each party proceeding without counsel shall keep the court informed of a current address at all times while the action is pending.  Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address."  A notice of change of address must be properly served on other parties. Pursuant to Local Rule 182(f), service of documents at the record address of a party is fully effective.  Failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

9.  The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of Court.

////

////

////

////

////

////

1    10.  The failure of any party to comply with this order, the Federal Rules of Civil

2 Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but

3 not limited to, dismissal of the action or entry of default.  Fed. R. Civ. P. 11; Local Rule 110.

4    SO ORDERED.

5 DATED:  January 6, 2011

6

7

KENDALL J. NEWMAN
8 UNITED STATES MAGISTRATE JUDGE

9 chri1786.scrn.rmv

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26