IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN CHRIST,

      Plaintiff,                    No. 2:10-cv-1786 LKK KJN P

      vs.

S. DEBERRY,
aka, S. DEBERRY-THORNTON,
and DOES 1 through 100,

      Defendants.          ORDER

         On January 6, 2011, the Magistrate Judge issued an order that, in pertinent part, denied plaintiff's motions for appointment of counsel. (Dkt. No. 18.) On January 27, 2011,[1] plaintiff filed a request for reconsideration of that order, on the ground that repeated lockdowns at his place of incarceration had resulted in plaintiff's lack of access to the law library. Plaintiff's request for reconsideration of the magistrate judge's order of January 6, 2011 is untimely, even allowing an additional three days for service by mail. See Local Rule 303(b) ("rulings by Magistrate Judges shall be final if no reconsideration thereof is sought from the Court within

---

[1] Although the motion was actually filed on January 31, 2011, the court construes the signing date as the date that plaintiff delivered his motion to prison authorities for delivery to the court clerk, and hence the effective filing date of the motion. Houston v. Lack, 487 U.S. 266, 276 (1988) ("mailbox rule" establishes the filing date of a habeas appeal as the date petitioner delivers the appeal to prison authorities for purposes of forwarding it to the court clerk); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (holding that "the Houston mailbox rule" applies to Section 1983 suits filed by pro se prisoners).

fourteen days . . . from the date of service of the ruling on the parties. . ."); Fed. R. Civ. P. 6(c) (three days added to period after service by mail).  Thus, the last date that plaintiff could have timely filed his motion was January 24, 2011.[2]

Even if plaintiff's motion had been timely filed, he has failed to demonstrate good cause for reconsidering the Magistrate Judge's order.  The only matter currently pending is the March 7, 2011 filing deadline for defendant's responsive pleading, which does not require that plaintiff currently have access to the prison law library.

Accordingly, plaintiff's motion for reconsideration is hereby DENIED.

DATED:   February 18, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2]  Because the actual deadline was a Sunday (January 23, 2011), the period was extended to Monday, January 24, 2011.  Fed. R. Civ. P. 6(a)(1)(C) ("if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

2