IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON CHRIST,

      Plaintiff,     No. 2:10-cv-01786 LKK KJN P

  vs.

S. DEBERRY, et al.,

      Defendant.     ORDER

_____/

      Deputy California Attorney General Trace O. Maiorino, counsel for defendant Deberry-Thornton, moves to vacate the court's Further Scheduling Order, filed December 5, 2011, and seeks leave to file a dispositive motion. Counsel states that, "through inadvertence and mistake," and contrary to counsel's "custom and practice," he failed to obtain and review a copy of the court's initial Discovery and Scheduling Order, filed March 23, 2011, and thus "failed to calendar the September 23, 2011 deadline to file a dispositive motion." (Maiorino Decl. at ¶¶ 6, 7.) Counsel states that he discovered his error, and filed the instant motion, upon receiving the court's Further Scheduling Order.

      Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." See also Zivkovic v. So. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) ("In general, the pretrial scheduling order can

1

only be modified 'upon a showing of good cause.'") (citing <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992)).  A district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." <u>Johnson</u>, 975 F.2d at 609 (citations and quotation marks omitted).  If the party seeking the modification "was not diligent, the inquiry should end." <u>Id</u>.  In summarizing this good cause standard, a district judge of the Northern District of California recently stated:  "Generally, in determining whether there is good cause to permit an extension the court will primarily look to the (1) diligence of the party seeking the extension, but may also consider (2) the explanation for the failure to complete discovery in a timely fashion; and (3) potential prejudice in allowing the extension." <u>Missing Link, Inc. v. eBay, Inc.</u>, No. C-07-04487 RMW, 2010 WL 34268, at *2 (N.D. Cal. Jan. 6, 2010) (unpublished).

The court finds that defense counsel acted with the requisite due diligence.[1] During the discovery phase, counsel timely pursued the merits of this action, deposing plaintiff on June 20, 2011.  Counsel has provided a reasonable explanation for missing the dispositive motion deadline, and promptly filed the instant motion upon learning of his oversight.  Further, counsel states that, "[i]f the Court grants leave to file a dispositive motion, no further extensions of time will be requested" (Maiorino Decl. at ¶ 9) (and the court would be disinclined to grant such a request).

The court perceives no appreciable prejudice to plaintiff; while opposing a dispositive motion is taxing, the court's resolution of the motion will, for both sides, refine any issues for trial.  Moreover, addressing matters by dispositive motion rather than trial in the first instance, promotes the conservation of limited judicial resources, as prescribed by the Federal Rules of Civil Procedure.  <u>See</u> Fed. R. Civ. P. 1 (Federal Rules "should be construed and

---

[1] Counsel is cautioned, however, that the court will be disinclined to grant such requests in the future based upon a failure to carefully read court orders and comply with the schedule set forth therein.

2

administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for reconsideration, and request for leave to file a dispositive motion (Dkt. No. 32), are granted.

2. The court's Further Scheduling Order, filed December 5, 2011 (Dkt. No. 31), and all dates set forth therein, are vacated pending further order of this court.

3. Defendant shall file a dispositive motion on or before January 17, 2012. Plaintiff shall file and serve his opposition, or statement of non-opposition, not later than thirty days after service of defendant's dispositive motion; and defendant may file a reply brief within fourteen days after the filing date plaintiff's opposition.

SO ORDERED.

DATED: December 23, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

chri1786.ext.disp.dl.