IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON CHRIST,

        Plaintiff,                  No. 2:10-cv-01786 LKK KJN P

    vs.

S. DEBERRY, et al.,

        Defendant.            ORDER

_____/

        On December 27, 2011, this court reopened and extended the deadline for filing dispositive motions in this case. (Dkt. No. 35.) Plaintiff thereafter filed objections to the court's order (Dkt. No. 37), which are duly noted and overruled, for the reasons stated in the order. Plaintiff also filed: (1) a motion for an order authorizing plaintiff's written communications with three other inmates, concerning this litigation (Dkt. No. 38); and (2) a motion to amend plaintiff's pretrial statement (Dkt. No. 39).

        Plaintiff's motion for an order authorizing written communications with other inmates (described as "third party witnesses to this action"), is denied without prejudice. As acknowledged by plaintiff, there is an established institutional procedure for obtaining such authorization. See Cal. Code Regs., tit. 15, §§ 3139 et seq. (authorization sought pursuant to inmate Request for Correspondence Approval, CDC Form 1074). Plaintiff states that, while

1

1  authorization was granted by his own institution, it was not granted by CSP-Solano, where two of
2  his witnesses are incarcerated.  The third witness is incarcerated at CSP-Corcoran, but plaintiff
3  has not described specific difficulties associated with this attempted correspondence.  While time
4  may be of the essence in these communications – plaintiff must file an opposition to defendants'
5  dispositive motion, if any, by mid-February – the court lacks sufficient information to grant
6  plaintiff's request.

7        Should plaintiff again seek to pursue this matter, he must file a declaration, with
8  any available supporting documentation, demonstrating that plaintiff followed the proper
9  procedures under Section 3139, and the reasons he was denied access, or otherwise barred from
10 effectively communicating with his witnesses; describe how the sought communications are
11 relevant and necessary to the litigation of this action; and identify the specific relief sought.

12       Plaintiff's second motion, to amend his pretrial statement, is denied.  Plaintiff's
13 original pretrial statement (Dkt. No. 36), was prematurely filed, and therefore must be
14 disregarded.  Thus, plaintiff's amendments to his pretrial statement must also be disregarded.
15 Should this case proceed to trial after resolution of any dispositive motion, the court will set a
16 new deadline for filing pretrial statements.

17       Accordingly, IT IS HEREBY ORDERED that:

18       1. Plaintiff's objections (Dkt. No. 37), to the court's order filed December 27,
19 2011 (Dkt. No. 35), are overruled.

20       2. Plaintiff's motion (Dkt. No. 38) for an order authorizing plaintiff's written
21 communications with other inmates, concerning this litigation, is denied without prejudice.

22       3. Plaintiff's motion (Dkt. No. 39) to amend his pretrial statement is denied; in
23 addition, plaintiff's pretrial statement filed January 3, 2012 (Dkt. No. 36), shall be disregarded.
24 ////
25 ////
26 ////

1       SO ORDERED.

2 DATED: January 17, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

chri1786.misc.