IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON CHRIST,

        Plaintiff,                    No. 2:10-cv-1786 LKK KJN P

   vs.

S. DEBERRY, et al.,

        Defendant.              ORDER

_____/

       Plaintiff is a state prisoner, incarcerated at California State Prison-Solano, who proceeds, without counsel and in forma pauperis, in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on plaintiff's original complaint, against one defendant, Correctional Officer Deberry-Thornton, who proceeds through counsel assigned by the California Attorney General's Office. Presently pending is defendant's motion for summary judgment, which is now fully briefed by the parties. However, pursuant to the Ninth Circuit's recent decision in Woods v. Carey, __F.3d __, 2012 WL 2626912 (9th Cir., July 06, 2012 ), it is necessary to deem the pending motion re-noticed as of the filing date of this order, and to provide contemporaneous notice to plaintiff of the requirements for opposing a motion for summary judgment.

////

1

1      The Ninth Circuit requires that pro se prisoner plaintiffs be provided notice of the
2 requirements for opposing a motion for summary judgment "at the time the defendants' motions
3 are filed." Woods, 2012 WL 2626912 at *1, *5, citing Rand v. Rowland, 154 F.3d 952, (9th Cir.
4 1998) (en banc); see also Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).  The
5 district court may provide such notice if defendants fail to do so.  Woods, 2012 WL 2626912 at
6 *5.  When provided by defendant, the notification must be set forth in "a separate document,
7 served with the moving papers, and state[] that the court has required that it be given." Rand,
8 154 F.3d at 960; Woods, 2012 WL 2626912 at *4.  The Ninth Circuit held that these
9 requirements apply to both "pending and future cases."  Woods at *6.
10     In the present case, which was removed from state court, defendant filed a motion
11 for summary judgment without apparently providing the requisite notice to plaintiff. (See Dkt.
12 No. 40.)  Plaintiff opposed the motion, and defendant filed a reply. (Dkt. Nos. 49, 51.)  In light
13 of Woods, this court finds it necessary to deem defendant's motion for summary judgment re-
14 noticed as of the filing date of this order, and to contemporaneously notify plaintiff of the
15 requirements for opposing the motion, as set forth below.
16     Two additional matters require the court's attention.  First, in opposing the motion
17 for summary judgment, plaintiff filed a motion requesting the court to "make an order that
18 plaintiff's witness Phil Pappas's interrogatories be excepted [sic]." (Dkt. No. 52.)  Plaintiff
19 states, under penalty of perjury, that he was informed by a correctional counselor in March 2012
20 that Mr. Pappas died.  Review of the subject interrogatories (attached to plaintiff's motion)
21 indicates that Mr. Pappas answered and signed them under penalty of perjury on May 12, 2011.
22 Defendant has not opposed the introduction of this evidence.  The court finds that these
23 interrogatories meet the requirements for admissible evidence in opposition to a motion for
24 summary judgment.  See Fed. R. Civ. P. 56(c)(1)(A).  Plaintiff's motion is therefore granted.  In
25 opposing defendant's motion for summary judgment, plaintiff may rely on the evidence set forth
26 ////

in Mr. Pappas' answers to plaintiff's interrogatories.[1]

The next matter requiring the court's attention is to inform plaintiff that there is no authorization for his filing of an "opposition to defendant's reply," also known as a "surreply." (See Dkt. No. 53, filed May 18, 2012.) Such filings must be disregarded by the court. Local Rule 230(*l*) contemplates the filing only of a motion, opposition and reply. Pursuant to that rule, a motion is deemed submitted for decision by the court twenty-eight days after service of the motion or when the reply is filed, whichever comes first. A subsequently-filed brief by plaintiff, unless expressly requested by the court, must be disregarded. Therefore, in opposing defendant's renewed motion for summary judgment, plaintiff must limit his response to one opposition brief.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The motion for summary judgment filed by defendant on January 17, 2012 (Dkt. No. 40), is deemed re-noticed as of the filing date of this order, and shall be so designated on the docket by the Clerk of Court.

2. Plaintiff is hereby informed of the following requirements for opposing a motion for summary judgment:

> Pursuant to Woods v. Carey, __F.3d __, 2012 WL 2626912 (9th Cir., July 06, 2012, Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the following requirements apply for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Such a motion is a request for an order for judgment in favor of the defendant without trial. A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment.
>
> To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint

---

[1] The undersigned states no opinion on the admissibility of this evidence should this case proceed to trial. In that event, plaintiff must raise the issue anew before the trial judge.

3

shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.  Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.

If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion.  See Fed. R. Civ. P. 56(d).

If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  See L.R. 230(l).

If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.  In the present case, summary judgment for defendant would end the entire case.

3. Within twenty-one days after the service date of this order, plaintiff may oppose defendant's motion for summary judgment, L.R. 230(l), by filing and serving:  (a) a new comprehensive opposition to the motion, including all pertinent exhibits; (b) a supplemental opposition, and any new exhibits; OR (c) a statement that plaintiff chooses to rely on his previously-filed opposition and exhibits.

4. Within seven days after the date of service of the opposition, id., defendant may file and serve:  (a)  a new comprehensive reply to plaintiff's opposition; (b) a supplemental reply; or (c) a statement that defendant chooses to rely on his previously-filed reply.

////

5. Plaintiff's motion to accept the interrogatories of his witness, Mr. Pappas (Dkt. No. 52), as evidence in opposition to defendant's motion for summary judgment, is granted.

SO ORDERED.

DATED: July 13, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

christ1786.Woods.ntc.